S02Y1317. IN THE MATTER OF JAMES WILLIAM QUINLAN.
(565 SE2d 457)

PER CURIAM.

This matter is before the Court on the Second Report and Recommendation of the Special Master, who recommends that Respondent James William Quinlan be disbarred for his violations of Standards 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) and 65 (A) (lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). The State Bar filed a Formal Complaint against Quinlan alleging violations of Standards 44 and 65 (A), which the Bar served by publication. Quinlan failed to respond and the special master granted the Bar's motion for findings of fact and conclusions of law by default. Upon Quinlan's request, the Review Panel reviewed the matter and found service defective, thus nullifying the order. The State Bar then obtained personal service on Quinlan and, when Quinlan again failed to respond within 45 days, the special master entered another order pursuant to Bar Rule 4-212,

granting the motion for findings of fact and conclusions of law on default, and issued his report recommending disbarment. Neither party filed a request for Review Panel review and, therefore, both parties are deemed to have waived any right to file exceptions with or make oral argument to this Court. Bar Rule 4-217 (c).

The facts as deemed admitted by Quinlan's failure to respond show that he accepted a $575 retainer to represent a company in a bankruptcy proceeding, but Quinlan failed to complete any portion of the representation. Quinlan also instructed an officer of the company to give him a $25,000 check she received from a real estate closing, with the understanding that Quinlan would deposit it in his trust account and issue her a new check. The check Quinlan issued was dishonored, however, for insufficient funds and he failed to provide an accounting to the company or its officer, or to return any portion of the funds.

We conclude that Quinlan's conduct in this matter violated Standards 44 and 65 (A), and that disbarment is warranted. We note in aggravation of discipline that Quinlan is under suspension in two prior disciplinary matters, see Case Nos. S01Y0127 and S01Y0425; that he failed to respond to disciplinary authorities; that he refuses to acknowledge the wrongful nature of his conduct; and that he has substantial experience in the practice of law, having been admitted to practice in 1982. Accordingly, Quinlan hereby is disbarred from the practice of law in the State of Georgia. To the extent he has not already complied, Quinlan is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 10, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.